IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KELVIN DWIGHT PRICE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | Civil Action No. 3:05-CV-2135-R |
| **v.** | § | |
| | § | |
| **NFN VICKERY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

REPORT AND RECOMMENDATION

Pursuant to the District Court's *Order of Reference,* filed July 13, 2007, Plaintiff's letter request to reopen the above-referenced cause of action, filed June 20, 2007, has been referred to the undersigned Magistrate Judge for hearing, if necessary, and determination or recommendation.

**I. BACKGROUND**

On October 31, 2005, while incarcerated at the Dawson State Jail, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officers at the Hutchins State Jail. On March 20, 2006, the Court granted him leave to proceed *in forma pauperis* and informed him that he must "notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk." That order also warned plaintiff that the "[f]ailure to file such notice may result in this case being dismissed for want of prosecution." The Court ordered service of process on the defendants on that date, and defendants filed their answers on May 1, 2006. The district court issued a scheduling order on May 5, 2006.

On May 23, 2006, the defendants filed a motion for involuntary dismissal on the grounds that the scheduling order mailed to the plaintiff had been returned as undeliverable, and that according to the Texas Department of Criminal Justice, the plaintiff had been released on March 8, 2006. Because

plaintiff had not submitted a change of address as required, defendants argued, his suit should be dismissed for failure to prosecute. On July 31, 2006, the Court granted the defendants' motion and dismissed plaintiff's suit without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On June 20, 2007, approximately eleven months later, the Court received unsigned correspondence from plaintiff which states in its entirety, "I would like to reopen Kelvin Dwight Price -vs- Tarver- Vickery, 1983, filed I think 8-05." The envelope in which the correspondence arrived reflects that plaintiff is an inmate at the Hutchins State Jail.

## II. ANALYSIS

To the extent that plaintiff's unsigned correspondence requesting that his case be reopened may be construed as a motion, it invokes the discretion of the Court, and the "extent of the court's discretion . . . depends, in the first instance, on the particular Federal Rule of Civil Procedure under which the motion arises." *See Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*)). When a party moves for reopening after judgment, the motion "constitutes either a motion to 'alter or amend' under Fed. R. Civ. P. 59(e) or a motion for 'relief from judgment' under Fed. R. Civ. P. 60(b)" depending upon when the party filed the motion. *Id.* Motions filed within ten days of judgment fall under Rule 59(e) whereas later-filed motions fall under Rule 60(b). *Id.*

Because plaintiff filed the instant request well after the ten day period for a Rule 59(e) motion, to the extent that it constitutes a motion, such motion would fall within the parameters of Rule 60(b). *See also Smith v. Texas Dept. of Criminal Justice, Institutional Div.* 79 Fed.Appx. 61, 62, 2003 WL 22426945, *1 (5th Cir. 2003) (construing prisoner's motion to reopen a § 1983 civil rights complaint which had been dismissed pursuant to Rule 41(b) as arising under Rule 60(b)) (citing *Halicki v.*

*Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 470 (5th Cir.1998).  Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff's bare one-sentence request to reopen fails to invoke any of the bases for relief set forth in Rule 60(b).  Indeed, it suggests absolutely no basis to reopen this case.  It provides no explanation for his failure to submit a change of address to this date or to prosecute this action after his release from incarceration in March 2006.[1]  For these reasons, the submitted request justifies no relief from judgment.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** plaintiff's request to reopen this case.

**SIGNED this 18th day of July, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes, furthermore, that the dismissal of this action was without prejudice.  Consequently, the dismissal does not of itself prevent plaintiff from commencing a new action against defendants on the same factual allegations.  Of course, any new action would be subject to the applicable statute of limitations and other procedural barriers to consideration of its merits.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  The United States District Clerk shall serve a copy of this report and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the report and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                            IRMA CARRILLO RAMIREZ
                            UNITED STATES MAGISTRATE JUDGE